REGAN *v.* REGAN

DIVORCE — PROPERTY SETTLEMENT — MODIFICATION OF DECREE — MISTAKE OF FACT.

> Property settlement provisions of a divorce decree or judgment may be modified, altered, or set aside if they are based on a mutual mistake: therefore the trial court properly amended a judgment of divorce pursuant to a property settlement, where the division first made was based upon a dividing line drawn by a surveyor on a plat and was not in fact an on-the-premises survey, and the line thus drawn was unrelated to what either party thought each was to receive, there being thus a mutual mistake of fact.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 March 4, 1970, at Lansing. (Docket No. 7,091.) Decided April 28, 1970.

Motion by Vincent C. Regan for modification of property settlement incorporated in his judgment of divorce from Shirley Ann Regan. Property settlement modified. Shirley Ann Regan appeals. Affirmed.

*Saph & Saph,* for plaintiff.

*John G. Cummings,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 675, 941.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

O'HARA, J. This is an appeal of right from an order of the circuit court modifying a judgment of divorce. It was entered pursuant to what both parties assumed to have been an agreement as to the division of contiguous parcels of realty which were owned by them during their marriage. The land was originally a single parcel.

After entry of the judgment of divorce, the plaintiff wife erected a fence ten feet on her side of what she understood to have been her property line.

Defendant-husband conceived the dividing line to have been otherwise located. He promptly tore the fence down.

The economics of these unilateral relocations was obviously self-defeating. Defendant-husband filed a petition for an order to show cause why the judgment of divorce should not be modified to reflect the actual agreement of the parties.

The trial judge in two hearings took extensive testimony upon the petition. If the situation was confused before the entry of the judgment, the confusion was compounded after the testimony on "clarification" was adduced.

Basically, it appeared that the "agreement" so-called was based upon a dividing line drawn by a surveyor on a plat and was not in fact an "on the premises" survey. The line thus drawn was unrelated to what either party thought each was to receive.

In weary finality, the trial judge who had scented difficulty on the hearing of the divorce case in chief

---

* Former Supreme Court Justice, sitting on Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and had required the parties to execute the real property settlement agreement before a judgment was entered, had this to say:

"You know the last time I just thought I ought to take you both outside and * * * I am not going to say what I should have done * * *. I should never have granted the divorce in the first place. You two deserve each other."

Diligent counsel for plaintiff has carefully briefed the legal issues as he conceived them. With his statement of the controlling law we have no dispute.

It appears, however, that the factual basis to which that law should have been applied was in dispute.

We can only conclude, as did the chancellor, that:

"There was a mutual mistake of fact; if not a mutual mistake of fact, then there was fraud."

We are unable to find from the record that there was any purposeful fraud upon the court, but we do concur with the court below. There was indeed a mutual mistake of fact.

The order amending the judgment entered pursuant to the property settlement is affirmed. For the controlling law, see *Keeney* v. *Keeney* (1965), 374 Mich 660, 663. Costs to the defendant.

All concurred.