John W. DUNAWAY, Appellant,

v.

Ellen O. DUNAWAY, Appellee.

No. 54487.

Supreme Court of Iowa.

Aug. 27, 1971.

Life, Davis & Life, Oskaloosa, for appellant.

Griffin & Dew, Ottumwa, for appellee.

BECKER, Justice.

This case involves a child custody problem growing out of a divorce decree. Trial court awarded permanent custody of Eric Dunaway, now age 12, to defendant-mother. Plaintiff-father appeals. We affirm.

After 24 years of marriage the parties were divorced by decree filed February 19, 1970. Of the eight children born to the parties, three were self-supporting and had left the marital home; one was in college and partially self-supporting; the remaining four children were Betsy, age 16; Andrew, age 14; Eric, age 11 and Kristin, age 4, at the time of divorce. Custody of Kristin was awarded to the mother. The court ordered a home study and evaluation report before deciding permanent custody of the 11 and 14-year-old boys.

After receiving the ordered report the court made a supplemental decree, filed April 14, 1970, in which it made the following findings:

"2. The report indicates that the plaintiff is living on a 90 acre farm owned by his mother and the defendant, mother of the minor children, now resides in Excelsior, Minnesota, where she is employed in a hospital as a nurse's aid. She has some relatives living in this area and is compelled to utilize her relatives for the babysitters or else to employ someone to assist in this capacity during the time that she works. There is no question as to the qualifications and fitness of the mother to have the custody of the two minor boys, Andrew Charles and Eric Dunaway. The problem is how she could care for them at the present time without receiving substantial child support payments from the plaintiff. The plaintiff has been injured in the past and since that time has lost the eyesight of one eye due to a malignancy and is subsidized substantially by his mother. While there are complaints that the plaintiff has overworked and mistreated the children in the home in years gone by, the fact remains that four

of the children are away from home and have managed to educate themselves and support themselves, indicating that the treatment accorded them at home by the plaintiff may have been rough but probably kept them out of trouble.

"3. It is the opinion of the Court that the custody should be placed upon a *temporary basis leaving the custody of* Andrew Charles Dunaway and Eric Dunaway in the plaintiff father until the end of the school year in 1970, normally about May 31; and that the custody of Eric Dunaway be temporarily taken by the mother, Ellen O. Dunaway, for the months of June, July and August; *and at the termination of the month of* August, 1970, that the matter be reviewed in Court for the purpose of determining the permanent custody of both Andrew Charles Dunaway and Eric Dunaway."

On August 17, 1970, plaintiff-father went to Minnesota and brought Eric back to his home without the consent of either Mrs. Dunaway or the court. On September 1, 1970, Mrs. Dunaway filed application for custody of Eric, hearing was held and the court entered a final order awarding custody to the mother. When both sides had rested the court made the following observations from the bench:

" * * * I think the custody of the children might be awarded either to the plaintiff or the defendant. The next point that I see in this matter is I remember distinctly that the day we were here with reference to a divorce; that Mrs. Dunaway was very very reluctant to permit the divorce to be granted to the plaintiff and finally after a long hassle around here by agreement that's the way it happened. I am reciting these things because it's a hard decision to make. You people were married and lived apparently roughly 24 years together. You had eight children, you have three that are out and independent, you have another one who's in college, who is at least partially independent, with four more minor children. God knows that raising eight children and giving birth to eight children in this world takes considerable out of you. I think there is love and affection on both sides of this fence. I also think that there has been influence exerted. I do not like the fact that the plaintiff in this case went up and removed the child from Minnesota; and while it may not work, I think that Mrs. Dunaway in this case has recognized in the case of Andrew that he has reached the age where it would be impossible to disregard his desires. I don't think it's right that in this case that Mrs. Dunaway should be told to take the real minor youngsters and not be able to participate with another portion of the family, and my decision may be one that will rack and split the whole place but I am going to award the custody of Eric to Mrs. Dunaway and the custody of Andrew Charles to the father, and the decree will be entered accordingly; and I trust that things can be worked out. There will be a provision with reference to support money. I would think in light of the fact that he has custody of two minors that $25 a month for Eric and $25 a month for the other minor child until he reaches the age of 18 or maturity, married or dies. I will draft an order accordingly and will appreciate the cooperation of the parties. That's all."

I. We cannot improve on Judge Fleck's observations. The difficulties inherent in making child custody decisions, the factors to be considered and the ultimate decision are all present in his remarks and in the subsequent decree. The applicable principles of law have been too often stated to need repetition. Cf. Shipley v. Shipley, 182 N.W.2d 125 (Iowa 1970); Betzel v. Betzel, 163 N.W.2d 551, 556 (Iowa 1968).

We could recount the evidence in detail here. We deem it both unnecessary and unwise to go beyond what the trial court has

already said. If the family feeling between the children and both parents is to survive at all, such survival will not be aided by the adverse effect of additional comparisons.

No objection was made to the use of an independent case study by the social worker and report to the court. From our own independent examination of the evidence produced at trial and the contents of the report, (which made no recommendations as to which party should prevail), we conclude both parents are fit and proper persons to have custody of Eric.

In an equity case, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the trial court, but is not bound by them. Rule 344(f) (7), Rules of Civil Procedure. In a case as close as this the rule is particularly meaningful. It is apparent from the decree that after seeing and hearing the witnesses the trial court felt the mother would be a somewhat better person to raise this boy. We are not disposed to interfere.

We should note plaintiff-father's disregard of the court order. His action in returning Eric to Iowa two weeks ahead of time, while not controlling is important. We have searched the record of Mr. Dunaway's testimony with care for some offering of an excuse for this clear violation of the court's order and have found none. The violation is not even alluded to in presentation of the father's case. This attitude must be taken as one of the factors to be considered in deciding which parent will best raise the child.

■ II. Defendant's counsel has made application for attorney fees with a detailed billing showing hours spent on this appeal and the necessary hearings before this court. Attorney's fees in the sum of $500 are allowed in favor of defendant against the plaintiff and taxed as part of the costs of this action. In making this allowance we do not pass on the value of the attorney's services as such. We hold only that

in view of the financial circumstances of the parties in this case the sum allowed is what plaintiff should be required to pay to apply thereon. Hand v. Hand, 257 Iowa 643, 653, 133 N.W.2d 63 (1965).

■ III. The $25 per month per child support order, while small, is fair under all of the circumstances. Since Eric was already placed and in school on September 28, 1970, this court granted the stay order continuing temporary custody in the father. Of course plaintiff-father will not be required to pay support money for Eric during the time Eric has been in the father's custody. The stay order heretofore entered by this court is withdrawn. Custody of Eric Dunaway shall be delivered to defendant upon issuance of procedendo from this court.

The parties shall have reasonable visitation rights with the various children. If they cannot agree on the terms of such rights the trial court is authorized to fix such rights upon proper application. In all other respects the trial court's decree dated September 11, 1970 is affirmed.

Affirmed.

All Justices concur.