Sandra M. **WARREN**, Appellant,

v.

Robert L. **WARREN**, Appellee.

No. 54673.

Supreme Court of Iowa.

Nov. 11, 1971.

Robert M. Fassler, Cedar Rapids, for appellant.

Ted V. Ruffin, Cedar Rapids, for appellee.

BECKER, Justice.

This is an appeal from judgment modifying a divorce decree so as to give the defendant father custody of the three-year-old only child of the parties. Plaintiff mother appeals. We affirm.

The plaintiff and defendant were married at the ages of 16 and 17 respectively. Default divorce decree was entered on January 27, 1970. The decree of divorce followed. It incorporated a written stipulation as to custody of Robert Warren, Jr., their only child. The stipulation gave cus-

tody to the mother with liberal visitation rights in the father.

Both parties remarried. Defendant father faithfully exercised his visitation rights. In June, 1970, plaintiff indicated she intended to move to Texas with her husband and Robert, Jr., whereupon defendant took the child to his home on a permitted visitation and refused to return custody to the mother. He promptly filed application for modification of the divorce decree, alleged plaintiff was unfit to have custody and asked that custody be placed in him. Plaintiff resisted and also sought citation for contempt against defendant. Plaintiff did, in fact, move to Texas but apparently has since returned to Iowa. The matter was promptly tried and custody was awarded to defendant.

Evidence at the modification hearing indicates plaintiff was guilty both of adultery and neglect of her son before the divorce but defendant, although he felt this was the situation, was unable to prove his suspicions. Upon being advised the mother would be in a favored position in absence of such proof he agreed to the stipulation with liberal visitation rights.

We shall not attempt to detail the evidence. Suffice it to say both before and after the divorce plaintiff was sleeping with men other than her husband and in carrying on her personal life was largely neglecting her duties as a housewife and mother. She soon married her present husband, filed action for divorce but was reconciled. Her own mother (by adoption) told her to straighten up or she would try to take the baby away from her.

By contrast the evidence concerning defendant's care of the child is good. He and his present wife have a good home for the boy and are able to raise him in a normal manner. Again it seems unnecessary to detail and contrast the evidence.

I. Plaintiff's propositions for reversal are related: (1) the court erred in granting change of custody based upon matters within the knowledge and contemplation of the parties of the original divorce decree, and (2) there was insufficient evidence to show a material and substantial change of circumstances.

■ Plaintiff's first proposition is supported by Huffman v. Huffman, 176 N.W.2d 859, 860, 861 (Iowa 1970), and cases cited therein:

" 'In matters involving child custody provisions of a divorce decree, best interest of the child is first and governing consideration. Authorities need not be cited for this. Rule 344(f) 15, Rules of Civil Procedure. Child custody provisions of a divorce decree are final as to circumstances existing at time of entry of original decree. Such provisions will be modified only where applicant for modification proves by a preponderance of evidence that subsequent conditions have so changed that child's welfare requires, or at least makes expedient, such modification. * * * [Citing authorities].

" ' " '[E]xisting circumstances' are those known or which with reasonable diligence should have been known to the parties and to the court at the time of the entry of the original decree; that is to say, those which are within the contemplation of the litigants and the court when the decree was entered." * * * [Citing authority].' "

From these and other authorities plaintiff reasons that since defendant knew, or by the exercise of reasonable diligence should have known, of plaintiff's predivorce activities and her inadequacies as a mother, the court cannot consider such matters on application for modification. This is not the thrust of the cases cited when the opinions are read as a whole. Huffman v. Huffman, supra, and Alex v. Alex, 161 N.W.2d 192 (Iowa 1968), upon which the case relies, also contain the following statement:

" 'Changed circumstances relied upon to obtain modification of child custody

provisions of a divorce decree *must be such as were not within the knowledge or contemplation of the court when decree was entered* and must be "more or less" permanent or continuous, not merely transitory, variable or temporary, and where a change of financial condition of one or both of the parties is relied upon as a basis for modification it must be substantial. * * * [Citing authorities].' " (Emphasis added). (Loc.cit. 176 N.W.2d at 861).

Stated otherwise, our recent emphasis has been on what the decretal court actually knew, not on what the parties knew, should have known or should have produced at the earlier trial. This has been necessitated by our continued adherence to the principle that the best interest of the child is the governing consideration. This subject is considered at length in an annotation found at 9 A.L.R.2d 623. Apropos this narrow problem the annotator observes at page 634:

"Since the exception to the rules of res judicata permitting consideration, in a proceeding for modification of a child custody award, of facts existing prior to the decree but not presented to the court is bottomed upon the overruling [sic, overriding] requirements of the child's welfare and not upon any tenderness for the parent, it would seem to follow that the diligence or negligence of the party in unearthing and presenting the evidence should be immaterial. It has been so held. See Sparkman v. Sparkman (1927) 217 Ala. 41, 114 So. 580, and Person v. Person (1931) 172 La. 740, 135 So. 225, both discussed supra, § 3.

"However, some courts, in order to justify admission of such evidence, have required that it must have been unknown, at the time of the original decree, to the party seeking modification."

The tension inherent in the need to provide stability as to prior adjudications (even in divorce cases where jurisdiction is retained) and the need to continually look out for the best interest of the children on a continuing basis is well illustrated in Stewart v. Stewart, 86 Idaho 108, 383 P.2d 617, 619 (1963), where the court said:

"Judgments affecting the custody, support and education of children, like other judgments, are conclusive upon the parties and privies, and the doctrine of res judicata is applicable thereto. 27B C.J. S. Divorce § 317 (8)b; 17A Am.Jur., Divorce & Separation, § 838; Annotation 9 A.L.R.2d 623, et seq.

"However, the foregoing general rule is not to be applied strictly in all determinations affecting the welfare of children of divorced parents. The jurisdiction of the court continues after divorce for the protection of the welfare of such children. I.C. 32–705. Where facts, affecting their welfare, existing at the time of the divorce or order awarding custody, are not called to the attention of the court, and particularly in default cases where the issues affecting custody have not been fully tried, the court upon a proper application may consider all facts and circumstances, including those existing prior to and at the time of the judgment or decree, in making a subsequent determination of custody. McMurtrey v. McMurtrey, 84 Idaho 314, 372 P.2d 403; Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617."

Cf. Wendland v. Wendland, 29 Wis.2d 145, 138 N.W.2d 185 (1965).

The tension between the need for decretal stability and the need to serve the present best interest of the child is again evident, and wisely resolved in King v. King, 477 P.2d 356, 359, 360 (Alaska, 1970):

"Certainly a court should not alter a previous custody determination without a reasonable basis for concluding that the best interests of the child dictate such a change. Without some change in cir-

cumstance there is no logical basis for a court to alter a determination which has once seriously and finally been made. To do so might well constitute an abuse of discretion. However, as we noted at the outset, both statute and decision make it clear that the paramount consideration is the best interest of the child. The concept of 'substantial change' of circumstances is not a limitation on the discretion of the trial court to determine custody according to the best interest of the child. Rather, it may be considered simply a rule of judicial economy designed to discourage discontented parents from continually renewing custody proceedings."

We find substantial change of circumstances here. The remarriage of both parties, continuing deterioration of plaintiff's actions in regard to her responsibilities in caring for her child, and the proposed move to Texas, must all be considered in connection with the assertion of changed circumstances. We need not decide the question of the court's power to change custody dictated by the child's best interest but absent a showing of any change of circumstances. Cf. King v. King, supra, 477 P.2d at page 360; Foster v. Foster, 8 Cal. 2d 719, 68 P.2d 719, 723 (1937). As noted by the California court such a situation rarely, if ever, occurs. It is not present here.

Evidence introduced concerning plaintiff's predivorce activities as they affected her fitness to care for the child all tended to establish facts unknown to the court at the time the decree was entered. This evidence was therefore admissible and properly considered regardless of whether or not it was known or available to the parties at the time of former hearing.[1]

 II. The trial court found the evidence supported necessity for a change of

custody for the best interest of the child. We should note that this decision is not alone based on plaintiff's extra-marital activities, both before and after the divorce. Such moral transgressions are factors to be considered but are not determinative. Olson v. Olson, 180 N.W.2d 427, 429 (Iowa 1970). More importantly the record shows plaintiff to have disregarded her responsibilities to provide proper care, training and environment for the basic needs as well as the development of the child. Conversely, defendant and his present wife have shown themselves able and willing to provide such care and training. Where a conflict in the testimony developed in this regard the trial court's determination was adverse to plaintiff. Giving due weight to the trial court's findings, we agree with its conclusions. Cf. Dunaway v. Dunaway, 189 N.W.2d 480 (Iowa 1971).

Affirmed.

All Justices concur, except MOORE, C. J., who concurs in the result.

---

1. A similar problem occurs when the decree fixing custody was entered by a sister state. We have recently reserved judgment in one such habeas corpus case which had added complications of comity and full faith and credit. Sampson v. Sampson, 189 N.W.2d 614, 615, 616 (Iowa 1971).