**Louis N. LEO, Appellant,**

v.

**Evon Mae LEO, Appellee.**

**No. 56020.**

Supreme Court of Iowa.

Dec. 19, 1973.

Donohue Law Office, West Union, for appellant.

M. S. O'Brien, Oelwein, and Frank R. Miller, Decorah, for appellee.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and Mc-CORMICK, JJ.

HARRIS, Justice.

The father appeals trial court's refusal to modify a divorce decree awarding custody. We affirm.

The parties were married in 1960 and were divorced December 15, 1970. Two children were born of the marriage, Michael in 1961 and Angela in 1965. Custody of both children was awarded their mother by a supplemental decree entered February 24, 1971.

This application to modify was denied after a hearing in a ruling filed March 7, 1972. The father sought custody only of Michael. The trial court determined the circumstances had not been changed since the entry of the original custody award. In addition it held the evidence clearly showed it to be in Michael's best interest to remain in the custody of his mother. We agree.

The father relies upon three propositions for a reversal. He claims the record shows sufficient change of circumstances to warrant the modification he seeks. He asserts error in finding a change in custody would not be in Michael's best interest. These propositions will be considered together. A third proposition challenges the propriety of the ruling by the trial court which limited the examination of a witness.

■ ■ I. The principles governing child custody cases are well settled: "In child custody cases the first and governing consideration of the courts must be the best interest of the child." Rule 344(f)(15), Rules of Civil Procedure. In Dworak v. Dworak, 195 N.W.2d 740 (Iowa 1972) at 741–742, in discussing the changes necessary to justify a change of custody we said:

"* * * Subsequent changes may be made in a divorce or dissolution of marriage decree where 'circumstances render them expedient.' We have construed this to mean the power of court to modify exists only when there has been a material and substantial change in circumstances since the date of the original decree or any subsequent intervening proceeding which considered the situation and the rights of the parties upon an application for the same relief. (Authorities.) Any other interpretation would leave the matter open to endless litigation and continual uncertainty. (Citation.) Applicant for modification must carry the burden of showing the required change of circumstances by a preponderance of the evidence. (Authorities.)"

■ We have many times held the changed circumstances relied upon to justify a change of custody must be such as were not within the knowledge or contemplation of the court when the decree was entered. See Warren v. Warren, 191 N.W.2d 659 (Iowa 1971). Under rule 334, R.C.P., our review is de novo. Under rule 344(f)(7) we are not bound by but give weight to the findings of the trial court.

A hearing was held prior to the original placing of Michael with his mother. Michael then expressed a desire to live with his father. This desire is obviously the central factor in the continuing dispute between the parties. The reasons for Michael's desire to be in the custody of his father were graphically revealed in the record and are conclusive proof the trial court was right in deciding it would not be in Michael's best interest to be in his father's custody. Our examination of the record compels us to agree with these findings of the trial court:

"The evidence indicated that while with his father the boy was under no reasonable restriction as to his hours such as would be appropriate to a child of his age, was permitted broad latitude in determining for himself what his evening 'entertainment' would be, was allowed to drink alcoholic beverages, and spent many evenings playing pool in his father's place of business under circumstances where he could readily observe go-go girls who at times engaged in lewd acts with male customers.

"Since prior to Christmas of 1971 his mother has had custody of Michael and seems to be making a sincere effort to redirect his interest to matters more appropriate to a boy of his age. The Court has no way of knowing whether or not she will be successful, but it is an effort which must be made for the welfare of this boy, and which his father obviously has no disposition to make.

"In summary, rather than establishing evidence of a change of circumstances indicating the custody should be transferred to the father, the evidence in this case makes it abundantly clear that the father should not have custody * * * ."

The father attempted to show unfitness of the mother. His procedural difficulties with that attempt will be discussed in the following division of this opinion. We agree with the trial court in finding a failure to show unfitness on the part of the mother.

It is argued in behalf of the father the trial court's decree is unenforceable and should be reversed for the practical reason the child himself does not approve of it and refuses to cooperate. We agree with the trial court in viewing the facts to strongly favor placing the child with his mother. We cannot abdicate our responsibility herein in favor of the opinion of the child himself. The situation is not unique. Given the facts in this case it may not be surprising. However trial courts are often faced with the necessity of enforcing custody orders which involve children who do not agree. We are convinced a trial court has ample power and means to enforce its order and have no reason to believe this trial court will fail to do so.

II. In an alternative proposition plaintiff complains of a ruling by the trial court sustaining an objection to the admissibility of evidence offered by the father. Gerald Walter Rechkemmer, whom the mother was seeing socially at the time of the modification hearing, was called as a witness by the father. This was in an attempt to show by Rechkemmer's own testimony he was a bad influence on Michael. The father later found a willing witness for the same purpose in the person of a divorced wife of Rechkemmer. When Rechkemmer was testifying he was asked by the father's counsel whether at the time of his divorce in 1969 he was carrying on an affair with another woman. The trial court sustained an objection to the testimony on grounds it was too remote. On appeal the father argues the evidence was not too remote and claims it was reversible error to deny its admission. Citing Warren v. Warren, supra, the father argues time is of little significance when determining the relevancy and materiality of evidence in a proceeding to modify a decree of dissolution.

The trial court could have received the evidence reserving its rulings on admissibility in the usual manner. In equity proceedings all evidence offered must ordinarily be received in order to preserve it

for the record. Any objections will be noted and the answers thereafter given will be subject to the objection. See Odell v. Odell, 238 Iowa 434, 26 N.W.2d 401 and citations. This procedure allows the appellate court, if it finds error in its de novo review, to decide the case on the record without a remand.

In this instance the procedure followed did not harm the father. The situation is far different from that described in Warren v. Warren, supra. In Warren a party, though he knew of the facts at the time of the original hearing, could not prove them. He therefore did not try so the court entered its original decree without knowledge of the facts. On a subsequent hearing to modify we held the court, in determining fitness of the mother, could consider the mother's pre-divorce activities.

In this case there was no such lack of knowledge by the court when the original decree was entered. The decree itself indicates the court then fully considered the matters the father here sought to raise. The situation is not shown to be within the exception described in Warren v. Warren. It therefore falls within the general rule which makes the original award decree res judicata and conclusively binding upon the parties as of that time. See In Re Marriage of Link, 205 N.W.2d 751 (Iowa 1973) and authorities.

There was no harm done the father by any failure to follow the prescribed equity procedure. The evidence objected to was not admissible in this case and should not have been considered either by the trial court or by us.

Affirmed.

REES and McCORMICK, JJ., concur.

MOORE, C. J., and REYNOLDSON, J., concur specially.

MOORE, Chief Justice (concurring specially).

I concur in the result for the reasons stated in my special concurrence in Mears v. Mears, 213 N.W.2d 511, (Iowa, filed December 19, 1973).

REYNOLDSON, J., joins in this special concurrence.