In re the MARRIAGE OF Elliott D. FULL and Merle F. Full.

Upon the Petition of Elliott D. FULL, Appellant, and concerning Merle F. FULL, Appellee.

No. 58004.

Supreme Court of Iowa.

June 29, 1977.

Patricia C. Kamath, Iowa City, for appellant.

Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

MASON, Justice.

Petitioner, Elliott D. Full, appeals from an order of the Johnson District Court denying his application for modification of a dissolution decree. Petitioner asserted as grounds for modification an alleged material change of circumstances since the date of the original decree and an alleged mutual mistake on the part of the parties in valuing property owned by them and distributed by the decree. Petitioner contends the district court erred in denying said application.

Petitioner and respondent, Merle F. Full, were married October 2, 1947. Just a short time before petitioner had invested $4500 in the Johnson County Broadcasting Corporation. This investment was made possible by petitioner using $1500 of his funds and $3000 borrowed from his parents. The loan was repaid after the marriage. At the time of the termination of the marriage on December 14, 1971, petitioner owned 41.3 percent of the outstanding shares of this corporation whose principal business is radio station KXIC in Iowa City. The court found the broadcasting corporation had a fair market value of $750,000.00 at that time, subject to a $60,000.00 indebtedness, and placed an actual value on petitioner's stock in this corporation at $282,900.00.

During the 1950's petitioner and two associates organized the Night Eye Corporation, an Iowa City based security alarm enterprise. The court found this corporation had an actual value of $80,000.00 less an indebtedness of $20,000.00 and that the stock owned by the petitioner, being 48 percent of the stock issued, had an actual valuation of $28,800.00 on December 14, 1971.

The parties had acquired a homestead and furnishings therein which the court valued at $46,500.00, subject to a mortgage of $7000.00.

In connection with making such division of the assets of the parties as it deemed justified in light of the competent and relevant evidence, section 598.21, The Code, the trial court pointed out that, "The property accumulated by the parties during the marriage shall be treated by this Court as having been accumulated by their joint efforts, and it will be distributed as nearly as possible equally between them."

Petitioner was awarded all of the parties' substantial stock holdings, a 1964 Volkswagen, a boat and his personal effects. Respondent was awarded the sum of $165,725.00 with $2475.00 thereof to be paid forthwith in cash. Petitioner was ordered to transfer to respondent all his right, title and interest in the family residence, including all household goods and furnishings, and in return should receive a credit in the sum of $23,250.00 on the amount due respondent. The balance of $140,000.00 was to be paid respondent at the rate of $10,000.00 or more each year with the first payment due on or before July 1, 1972, and annually thereafter. Such payments were to survive the death of either party and were to be unaffected in any manner by the remarriage of either or both of the parties. Respondent was also awarded a 1967 Dodge automobile, her personal effects and alimony of $200 per month commencing January 1, 1972, and monthly thereafter until such time as respondent remarries or upon the death of either party.

Petitioner filed a notice of appeal subsequent to the filing of the dissolution decree

and respondent filed notice of cross appeal. However, neither appeal was prosecuted further.

February 23, 1973, petitioner applied to the Johnson District Court for modification of the dissolution decree, requesting that his alimony obligation be terminated. The basis for the request was respondent's acquisition of employment and her alleged substantial income, which petitioner maintained represented a material change in the circumstances present at the time of the original decree. Respondent resisted petitioner's application and the district court, after taking judicial notice of the inflationary trend since entry of the original decree, concluded that respondent's income of $4,683.00 from March of 1972 to approximately March of 1973 did not constitute a change of circumstances warranting modification of the original decree.

The application for modification which is the subject of this appeal was filed September 27, 1974. Therein petitioner asserted two grounds in support of his contention the property division provisions of the original decree should be modified and requested termination of alimony on the basis of a third and separate ground. The first division of petitioner's application alleged the parties' testimony as to the value of Night Eye was in error and resulted in that entity being grossly overvalued.

Petitioner's second argument concerned the value of Johnson County Broadcasting and asserted that (1) as evidenced by estate tax computations following the death of one of petitioner's business associates, the actual value of the enterprise was significantly lower than that testified to by the parties, and (2) new competition in the KXIC broadcasting area would detrimentally affect the value of the corporation.

The third division of petitioner's application sought termination of alimony payments and asserted in support thereof respondent's financial success in various respects, which allegedly was not an anticipated circumstance at the time of the filing of the original decree.

Respondent resisted the application for modification arguing petitioner's avenue of relief was by direct appeal from the original decree and, in any event, petitioner had not alleged facts indicating a substantial change of circumstances since entry of the original decree.

On January 7, 1975, the district court, in pertinent part, ruled as follows with respect to petitioner's allegation of mutual mistake in valuation of the two corporations:

"* * * Petitioner seeks to modify the existing Decree by reducing the amount of the property settlement * * *, based upon the premise that the stock of the Johnson County Broadcasting Corporation and Night Eye Corporation which was originally awarded to the Petitioner has decreased in value. Both of these corporations are closely held. The Petitioner is an employee, director, and officer of Johnson County Broadcasting Corporation. He is a stockholder, officer, director and active manager of Night Eye Corporation. Obviously, since the stock of neither corporation is available for sale to the public generally, valuation is difficult. Petitioner's evidence relates to the sale of a minority stock interest following the death of Scott Swisher, a stockholder of Johnson County Broadcasting Corporation. This stock was redeemed by the corporation pursuant to a Stock Redemption Agreement more than two years after the Court entered a Decree in this case. Under the circumstances, no competent evidence of valuation has been presented and even if it had been so presented, Petitioner has failed to show any basis for relief of this nature. If the Petitioner was dissatisfied with the original Decree * *, his remedy was to appeal from it. No mutual or unilateral mistake has been shown which could permit the Court at this time to revalue the stock * * *. If a change in the value of stock could serve as a basis for changing the original award in the Decree, the Courts would be filled with applications for modification based upon the fluctuation in value of property after a Decree is entered. * * *."

With respect to petitioner's requested relief from his alimony obligation, the court ruled in part as follows:

"Petitioner is also asking for modification of the monthly alimony installments * * based upon a change of circumstances. While Petitioner's claim is properly alleged, no change of circumstances has been shown which would entitle this Court to reduce the monthly alimony payments. The Court has examined the income tax returns of the parties, and it appears * * * Petitioner has increased his income since the original Decree. Respondent's income has been sporadic, and her future income from her business is somewhat uncertain. In any event, there is no evidence of any substantial change in her financial circumstances or that of the Petitioner which would warrant reduction of the monthly alimony payments. She has saved funds obtained by virtue of the original property award and is earning some income from these investments. This evidence is certainly not sufficient by itself to warrant a reduction of alimony, and she should not be penalized for saving a portion of the money she has received or is receiving by virtue of the original Decree * * *. Petitioner has not reduced his standard of living. * * * The Court finds that no change of circumstances has been shown as to warrant a reduction in the monthly alimony payments."

Petitioner appeals from the judgment entered below seeking relief from the alleged financial burdens imposed upon him by the original decree.

Petitioner's contentions herein present the following questions for this court's review:

1. Does the evidence of record herein demonstrate a mutual mistake of the parties in the valuation of their stock holdings at the time of the dissolution proceedings which would justify a modification of the property settlement established therein?

2. Does the evidence of record herein relating to respondent's increased earning capacity and petitioner's decreased net worth demonstrate a change of circum-

stances unforeseen by the court at the time of the original decree which would justify termination of petitioner's alimony obligation?

■ I. In equity matters, such as this, where our review is de novo, rule 334, Rules of Civil Procedure, it is our responsibility to review the facts as well as the law and determine from the credible evidence rights anew on those propositions properly presented, provided issue has been raised and error, if any, preserved in the trial proceedings. While weight will be given to findings of the trial court, this court will not abdicate its function as triers de novo on appeal. *In re Marriage of Locke,* 246 N.W.2d 246, 249 (Iowa 1976).

II. Petitioner seeks modification of the property division provisions of the original dissolution decree on the ground a mutual mistake by the parties in the valuation of their stock was incorporated therein.

The general principles applicable to any attempted modification of the property division ordered by a dissolution decree were enunciated as follows in *Knipfer v. Knipfer,* 259 Iowa 347, 355, 144 N.W.2d 140, 144:

"Except as the rule may be altered by statute, as a general rule, a judgment providing for or approving and adopting an adjustment of property rights as between the parties to a divorce proceeding, or a judgment entered in a divorce proceeding making an award in lieu of dower, like any ordinary judgment, and unlike a judgment for alimony, cannot be modified or vacated after it has become final, in the absence of fraud, coercion or other grounds on which ordinary judgments may be reviewed, modified, vacated or set aside, even though the court rendering the judgment or decree attempts to retain jurisdiction to do so. * * [citing authority]."

After reviewing our earlier cases dealing with the question of the court's authority to modify an award of a property settlement under what was then section 598.14 of the 1962 Code, now section 598.21, the court concluded in *Knipfer,* 259 Iowa at 356, 144 N.W.2d at 145, that " * * * the financial

provision made for defendant in the decree, being a property division, is not subject to modification under the authority of the statute in the absence of fraud, duress, coercion, mistake or other grounds as would justify the setting aside or changing a decree in any other case."

It is not clear whether a mistake of the character alleged herein is an appropriate ground for reviewing, modifying, vacating or setting aside a judgment. The parties and the district court assumed that to be the case. That issue need not be confronted herein in light of the determination ultimately reached.

Petitioner relies heavily upon the following from *Cummings v. Cummings,* 248 Iowa 831, 836–837, 82 N.W.2d 676, 679:

"We likewise see no occasion for holding the trial court committed an error when it modified the original decree and determined the defendant should pay an increased amount of $4500 by reason of an oversight of the parties relative to the balance due on the mortgage on their former residence. There is no question but at the time of the original decree there was a $19,000 balance due on the mortgage * * rather than $14,500 as set out in the decree. We have concluded the trial court was right in requiring the defendant to pay the $4500 difference, with interest, from the date of the original decree. To require the assumption of this additional amount by the plaintiff would not be in keeping with the intent of the original decree. * * * It was merely a change of circumstances and the court was acting within its authority in making the modification it did."

Petitioner also directs this court's attention to *Regan v. Regan,* 23 Mich.App. 409, 178 N.W.2d 807, wherein a property settlement was subsequently modified to correct a mistake as to the actual location of a property line. The court therein made the following comments which petitioner contends are applicable hereto:

"Basically, it appeared that the 'agreement' so called was based upon a dividing line drawn by a surveyor on a plat and was not in fact an 'on the premises' survey. The line thus drawn was unrelated to what either party thought each was to receive.

" * * * *

"It appears * * * that the factual basis to which that law should have been applied was in dispute.

" * * * *

" * * * There was indeed a mutual mistake of fact." 178 N.W.2d at 808.

■ Petitioner's reliance upon *Cummings* and *Regan* is misplaced. In those cases the alleged mistakes were easily identifiable and indisputable. Proof of the mistakes was easily adduced. Here, however, the alleged mistake is of a different character. It is not capable of being identified simply through examination of a legal description or bank account and involves computations based upon subjective judgment. This is not to say the type of mistake alleged herein is impossible to demonstrate. However, as will be seen, petitioner has not offered evidence sufficient to justify a determination that such a mistake in fact inhered in the original decree.

The evidence relied upon by petitioner to establish the existence of the allegedly mistaken stock valuations consists of testimony of the executor of the estate of a business associate of petitioner. Based upon his investigation and the negotiations prior to his sale of the estate's stock in the two corporations concerned herein pursuant to the previously referred to redemption agreement, the executor opined Johnson County Broadcasting Corporation and Night Eye Corporation had fair market values of $450,000.00 to $500,000.00 and $25,000.00, respectively.

However, the executor's opinion was based upon facts and circumstances prevalent nearly two years after entry of the original decree. Such evidence was relevant to a determination of the corporate values at that time, but is not sufficient to establish that the original decree was based upon valuations erroneous at that time. Petitioner makes no argument that appraisal evidence of the sort offered by the executor was not available at the time of the

original decree. Under similar circumstances, the court in *Miller v. Miller,* 190 Neb. 816, 212 N.W.2d 646, 647, made the following pertinent comments:

" * * * [T]he issues raised involve the valuation of the property of the parties and the amount awarded to petitioner in the decree. It is pertinent to note that most of the values placed on the property in the divorce proceeding were fixed by stipulation of the parties, by petitioner herself, or by evidence adduced on her behalf. We are satisfied that the evidence presented in support of petitioner's motion to set aside the decree was readily available to her at the time of trial. A motion to vacate is not available to a party to supply deficiencies, if any, in the evidence adduced at trial. Petitioner cannot be permitted to retry the issues after she has had her day in court. There must be an end to litigation."

It is our view petitioner's allegation that the property division provisions of the original decree were the result of a mutual mistake by the parties in the valuation of the stock in question is not substantiated by the evidence adduced in the trial court. Nothing in the record demonstrates respondent had anything to do with the valuation of the two corporations. The trial court relied upon petitioner's own testimony in determining the valuations in question. Petitioner's evidence in the trial court with respect to the appropriate valuations is of questionable relevancy due to the time lapse involved. In addition, petitioner does not contend the appraisal technique utilized by the executor was not available to petitioner at the time of the original proceeding. In any event, petitioner's evidence, even ignoring its suspect character, does not compel the desired conclusion. Petitioner's initial contention is without merit.

III. Petitioner's second contention is that in light of his decreased net worth and respondent's increased earnings and earning capacity he is entitled to a termination of the $200 per month alimony obligation assigned to him by the provisions of the original decree. In support thereof petitioner points to the previously referred to

evidence pertaining to the value of his stock holdings and the evidence concerning respondent's income and earning capacity.

In the previous division hereof it was determined petitioner's evidence with respect to the fair market value of the corporations in question did not establish a mistake in the original decree. However, that evidence is relevant in resolving petitioner's alimony contention and will be considered herein.

At this point it must be determined what circumstances must be compared with those present at the time of the modification proceedings in the trial court in order to decide whether a substantial change therein has occurred.

Section 598.21, The Code, provides:

"When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified.

"Subsequent changes may be made by the court in these respects when circumstances render them expedient."

The construction given this section was enunciated as follows in *Dworak v. Dworak,* 195 N.W.2d 740, 742 (Iowa 1972):

" * * * We have construed this to mean the power of court to modify exists only when there has been a material and substantial change in circumstances since the date of the original decree or any subsequent intervening proceeding which considered the situation and the rights of the parties upon an application for the same relief. * * * [citing authorities]."

In light of the above it would appear the circumstances present at the time of the modification proceeding in the trial court must be compared with those present at the time of petitioner's initial modification application in April of 1973. The situation of the parties prior to April of 1973 was considered by the court at that time and will not be considered again by this court at this time.

Following the decree dissolving the parties' marriage respondent formed and became the only employee of Equal Opportunity Consultants, Inc., a consulting firm specializing in the preparation of affirmative action programs for business and industry. In 1973 the corporation's gross income was $14,173.00, but, after various deductions including $5,100.00 for respondent's salary, it showed a net loss of $1,785.00.

In addition to her salary, respondent's health insurance was paid for by the corporation. Also, the corporation owned and maintained an automobile used by respondent, although she reimbursed the business at the rate of $365 per year.

Respondent testified at the modification hearing that the corporation's future was uncertain in light of the fact it was necessary for her to augment her income from the corporation by "dipping" into her savings. She also testified she had unsuccessfully applied for one employment position since the dissolution decree.

Excluding the $2400.00 per year alimony payments respondent's adjusted gross income for 1973 was $9296.00, which includes a $3341.00 net gain from the sale of the parties' residence. As previously noted, at the time of petitioner's initial modification attempt respondent was making $4683.00 per year.

Unlike petitioner, respondent has a college degree and had been accepted for a master's degree program at the University of Iowa.

Petitioner contends the above facts demonstrate a change of circumstances not contemplated by the district court at the time of his initial application for modification and consequently justify a termination of alimony.

■ Petitioner for modification of the alimony provisions of a dissolution of marriage decree has the burden to establish a change of circumstances by a preponderance of the evidence. *Mears v. Mears,* 213 N.W.2d 511, 515 (Iowa 1973). The circumstances which have changed must be those which were not within the contemplation of the trial court when the original decree was entered or at time of a subsequent intervening proceeding which considered modification of the alimony provisions of the original decree. *Page v. Page,* 219 N.W.2d 556, 557 (Iowa 1974).

It is true respondent's income has increased, although the corporation's first ten months in 1974 show a smaller gross income than in 1973. However, petitioner's income has also increased, albeit modestly.

■ From our de novo review we conclude petitioner has failed to carry his burden of establishing by a preponderance of the evidence a sufficient change in circumstances to warrant modification of the alimony provision of the original decree.

The case is therefore

Affirmed.