In re the MARRIAGE OF Kieth
VAN DOREN and Mary
Lou Van Doren.

Upon the Petition of Kieth Walter
Van Doren, Appellant,

And Concerning Mary Lou
Van Doren, Appellee.

No. 89–1558.

Court of Appeals of Iowa.

June 25, 1991.

Kieth Van Doren, pro se.

Kurt L. Wilke of Bennett, Wilke & Crimmins, Fort Dodge, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Kieth Van Doren and Mary Van Doren were married in 1964. A decree of dissolution was entered for the parties in October 1986. They had three children during the marriage: Chris, born in 1965; Kurt, born in 1969; and Robby, born in 1975. Chris was an adult at the time of the dissolution and was not considered in the decree. Kieth was an attorney in Webster City at that time and earning about $60,000 per year. Mary was unemployed at the time of the dissolution although she had training to be a physical education instructor or a paralegal.

The district court granted the parties joint legal custody with primary physical care awarded to Mary. Kieth was ordered to pay $350 per month per child in child support. Kieth was ordered to pay alimony of $800 per month until January 1, 1988, then $600 per month until January 1, 1993, and $300 per month until January 1, 1996. Kieth was also ordered to pay Mary $5,000 as a property settlement and $3,500 for attorney fees. Kieth appealed. The court of appeals affirmed, except for the award of attorney fees.

Kieth filed an application for modification in February 1989 alleging that Mary's alimony should be decreased because his income had substantially decreased, while Mary's income had substantially increased. Kieth's law partnership in Webster City was dissolved in 1986, and he moved to Colorado. His income was in the mid-$40's for several years, and only in 1989 increased to about $50,000. Kieth is now in-house counsel for American Family Insurance. After the decree Mary was hired as a paralegal by Kieth's ex-partner where she earned about $11,000 per year. In 1988 Mary was elected Hamilton County Auditor, and her salary is now $25,246.

The district court refused to change the alimony award. The court found that the original decree had anticipated that Mary would become employed, which accounted for the staggered alimony amounts. The court noted that Kieth was extremely delinquent in his child support and alimony payments. The court did modify the portion of the decree concerning medical insurance for the children. Mary must now provide the insurance through her employer, and Kieth must reimburse her.

Kieth appeals the district court's modification order.

▪ I. In this equity action, our review is de novo. Iowa R.App.P. 4. We

have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ II. Modification of the alimony provisions of a dissolution decree is justified only if there has been some material and substantial change in the circumstances of the parties, financially or otherwise, making it equitable that other terms be imposed. *Thayer v. Thayer,* 286 N.W.2d 222, 223 (Iowa App.1979). The burden rests on the party seeking modification to establish such a change of circumstances by a preponderance of the evidence. *Id.; Mears v. Mears,* 213 N.W.2d 511, 513 (Iowa 1973). Circumstances that have changed, to justify modification of alimony, must be those that were not within contemplation of the trial court when the original decree was entered. *In re Marriage of Full,* 255 N.W.2d 153, 159 (Iowa 1977). Such changes must be more or less permanent or continuous, not temporary. *In re Marriage of Carlson,* 338 N.W.2d 136, 141 (Iowa 1983).

■ The knowledge of the trial court at the time the award is made is the basis for determining whether there has been a change of circumstances. *Full,* 255 N.W.2d at 159; *Leo v. Leo,* 213 N.W.2d 495, 496 (Iowa 1973). The original decree is entered with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. *Mears,* 213 N.W.2d at 514.

■ A reduction of income which is self-inflicted does not constitute grounds for modification. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). As noted by the trial court, Kieth chose to leave Webster City, where he had built up a law practice, and move to Colorado, where his girlfriend had moved. The decrease in Kieth's salary does not constitute a substantial change in circumstances.

■ Furthermore, the increase in Mary's salary is not a substantial change in circumstances. The original decree contemplated that Mary would obtain employment. She is qualified to work as a teacher or a paralegal. While her present salary may be a little bit more than that of a teacher or paralegal, her position is not permanent. Changes which are not permanent are not sufficient to cause a modification of a dissolution decree. *See In re Marriage of Carlson,* 338 N.W.2d 136, 141 (Iowa 1983).

Thus, we conclude there has not been a substantial change in circumstances sufficient to allow a modification of the alimony provisions of the dissolution decree.

■ III. Kieth contends that the court committed or allowed procedural errors. He states that Mary did not specifically respond to interrogatories and the court erred in not granting his motion to compel. He also claims the court erred in not requiring Mary to file a pre-trial statement. Furthermore, he claims the court erred in finding certain admissions were not binding on Mary.

A trial court has wide discretion in discovery matters, and an appellate court will not reverse unless that discretion is exercised on clearly untenable grounds. *Hense v. G.D. Searle & Co.,* 452 N.W.2d 440, 445 (Iowa 1990). We do not believe the trial court abused its discretion in this case.

■ IV. Kieth also contends the court erred in modifying the decree to require him to pay Mary's cost of providing health insurance. Under the original decree Kieth was required to provide health insurance for the children. Mary testified at the modification hearing that she did not trust Kieth to keep up the insurance, so she had acquired duplicate coverage through her employer. The court modified the decree to require Kieth to reimburse Mary for her cost of insurance. Kieth argues that Mary should not be rewarded for incurring the cost of duplicate coverage. He feels that if she insists on providing her own health insurance for the children, then she should be responsible for the cost, or alternatively, the parties should share the cost of the

least expensive health insurance for the minor children.

Considering that Kieth is behind on his alimony and child support payments, we find the trial court was justified in wondering whether Kieth would keep up the payments on the children's health insurance. We affirm the modification of the decree to require Kieth to pay Mary's cost of providing dependent health insurance.

V. Mary requests attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App. 1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). We order Kieth to pay $500 towards Mary's attorney fees for this appeal.

AFFIRMED.

DONIELSON, P.J., and HAYDEN, J., specially concur.

DONIELSON, Presiding Judge (specially concurring).

Modifications of dissolution decrees are proceedings in equity. The courts have always recognized that one who seeks equity must do equity. Here, Kieth Van Doren has failed to follow the dictates of prior court orders—he has failed to pay temporary support, child support, alimony, and house payments as ordered by the district court. I am unwilling to reward this failure to abide by court orders with a reduction in the amounts of those ordered payments. The continued enforcement of the original decree will not result in a positive wrong or injustice because the reduction in Kieth's income appears temporary and less than substantial. And, even though Mary's income has substantially increased since the dissolution, I yield to my colleagues' judgment on this issue. (However, I do find this a very close call.) For these reasons, I concur in the result reached by the majority.

I write separately, however, to clearly enunciate my feelings on other matters. Divorce is an unfortunate reality to nearly half of the couples of this state. When a marriage is dissolved, it is understandable that one or both of the ex-partners might prefer to move from the vicinity; career changes are also understandable. Change in one's profession is certainly not uncommon. Nor is change in residence uncommon. Consequently, such changes do not usually constitute a substantial change in circumstances not within the contemplation of the trial court which would warrant a modification of dissolution decree provisions. But there is no lock on the gate for dissolution parties. They are clearly not bound to stay in the same vicinity, nor stay in the same occupation, nor even to maintain the same level of income. Not all changes in income constitute voluntary reductions of income. In my mind, reductions of income which do *not* warrant a modification of decree provisions must be accompanied by some additional element of bad faith or lack of responsibility.

In the situation before us, I do not find elements of lack of responsibility or bad faith (at least in Kieth's employment situation). Kieth was making $60,000 in his law practice when the practice dissolved; he was then unemployed for a few months until he passed the Colorado bar. At that point he practiced law earning $40,000 a year until he joined an insurance company. His salary is now $51,000 plus benefits. I do not find a voluntary income reduction analysis appropriate in this situation. The fact that Kieth joined his girlfriend in Colorado does not change my conclusion, nor do I consider it an adverse factor to be considered. The "starting over" at midlife in one's residence, job, location, or companion after a dissolution are not unexpected, nor necessarily adverse, circumstances.

Both parties subsequent to a dissolution are free to pursue their private lives without penalty. The courts of this state are not entitled to condemn or punish the parties for their major life choices where no

evidence suggests those decisions were made other than in good faith. Any statements made by the district court characterizing Kieth's decisions in a different manner were not considered by this author. Nonetheless, with Kieth's record on financial and legal responsibilities, I agree with the majority.

For the reasons stated, I concur in the result.

HAYDEN, Judge (concurring specially).

I join Judge Donielson's special concurrence.