In re the MARRIAGE OF Rhonda Jean
ROBBINS and Robert M. Robbins,

Upon the Petition of Rhonda Jean
Robbins, n/k/a Rhonda Jean
Sams, Appellee,

And Concerning

Robert M. Robbins, Appellant.

No. 92–104.

Supreme Court of Iowa.

Jan. 19, 1994.

Phil Watson and Thomas J. Jackowski of
Watson & Peterson, P.C., Des Moines, for
appellee.

Teresa A. Beyer of Hyland, Laden & Pearson, P.C., Des Moines, for appellant.

Considered by LARSON, P.J., and
LAVORATO, SNELL, ANDREASEN and
TERNUS, JJ.

SNELL, Justice.

This appeal concerns the application of
Rhonda Jean Robbins to obtain an increase
in child support. The children's father, Robert M. Robbins, resisted on the ground that
his seasonal work and earnings did not support an increase. The district court substantially increased the amount of support; the
court of appeals reversed. We granted the
application for further review and now vacate
the court of appeals decision, and reverse
and remand the judgment of the district
court.

 The standard of review accorded applications to modify support orders is de
novo. *In re Marriage of Vetternack,* 334
N.W.2d 761, 762 (Iowa 1983). In our review
we are not bound by the findings of the trial
court, but give those findings some weight,
especially as to the credibility of witnesses.
Iowa R.App.P. 14(f)(7).

■ The petitioner for a change in support must prove to the court "by a preponderance of the evidence that subsequent conditions have so changed that the welfare of the children requires, or at least makes expedient, such modification...." *In re Marriage of Mayer,* 347 N.W.2d 681, 683 (Iowa App. 1984) (quoting *Pucci v. Pucci,* 259 Iowa 427, 432–33, 143 N.W.2d 353, 357 (1966)). The following principles guide a court in determining whether this burden has been met:

(1) [T]here must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in a positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*Vetternack,* 334 N.W.2d at 762. The areas which need to be considered are each parent's earning capacity, economic circumstances, and cost of living. *Id.* (citing Iowa Code § 598.21(8) (1981)). These changes must be more or less permanent or continuous rather than temporary. *In re Marriage of Van Doren,* 474 N.W.2d 583, 586 (Iowa App.1991). The court must consider that the original decree was entered "with a view to the reasonable and ordinary changes that may be likely to occur in the relations of the parties." *Id.*

In addition to these general principles applicable in deciding whether a change of circumstances has occurred, the court must apply the legislative considerations listed in section 598.21(8) (1993). Moreover, the requirement of section 598.21(9) (1993) must also be met, which provides:

"Notwithstanding subsection 8, a substantial change of circumstances exists when the court order for child support deviates by ten percent or more from the amount which would be due pursuant to the most current child support guidelines established pursuant to subsection 4."

■ The change of circumstances presented by the petitioner, Rhonda, and relied on by the trial court were that the cost of living had increased since 1981 and that Robert's income had substantially increased. Evidence showed that Robert earned $265 per week in 1981 when the original decree of dissolution was granted and earned $450 per week in 1991. No evidence was offered as to any change in Rhonda's income. The court of appeals concluded that the increase in Robert's income was temporary due to the seasonal nature of his employment. Thus, a substantial and material change of circumstances was not shown.

Robert's primary occupation is as a cement worker. He is hired when needed by construction companies from a pool of available union workers. Robert's work opportunities depend on weather conditions, and work can be stopped by rain or cold. Moreover, work is available a maximum of about eight months of the year. The week of the modification hearing, Robert worked only one and one-half days. The rest of the year Robert draws unemployment compensation and earns money from side jobs.

Robert's total income in 1990, including his side jobs, was $15,572 gross. He expected his 1991 earnings to be similar. From November 1990 until June 1991 he was laid off and should have received $200 per week unemployment compensation. However, these receipts were withheld by the division of job service of the department of employment services for repayment of money Robert wrongly received in 1989 during a time he was working. Robert was behind in his child support payments at the time of the modification hearing and was found in contempt.

Robert and Rhonda were divorced in July 1981. Two children were born of the marriage, Bobbi Jean, born September 30, 1977, and Amy Jo, born August 29, 1980. Robert was ordered to pay $42.50 per week per child and one-third of all medical expenses not covered by insurance. When the marriage was dissolved Robert earned $265 per week after taxes, or $13,780 annually.

In December 1991 Robert's hourly wage was $13.90 which would give him take home pay of $450 if he worked a forty-hour week. The trial court used this figure to find a change of circumstances and to raise the child support from $85 to $135 per week. Rhonda testified that her employment for Principal Financial Group for the last three years netted her about $1100 to $1125 per month.

We have considered previously the problems inherent in fixing child support when a person's income fluctuates widely. *In re Marriage of Powell,* 474 N.W.2d 531, 533–34 (Iowa 1991). In *Powell,* we said it was wrong to look only at a chiropractor's 1988 income for the purposes of calculating his child support obligation for 1989. *Id.* at 534. "Where the parent's income is subject to substantial fluctuations, it may be necessary to average the income over a reasonable period when determining the current monthly income." *Id.*

Income averaging was applied to determine the child support obligations of a farmer in *In re Marriage of Cossel,* 487 N.W.2d 679, 681 (Iowa App.1992).

> To establish a monthly income for a self-employed person or one who has fluctuating monthly income, it generally is best to use an average of income from a period that accurately reflects the fluctuations in income. A farmer produces commodities that fluctuate in value. Production may vary because of weather conditions. Farm programs have a substantial impact on a farmer's net income. These factors generally require a farmer's net monthly income be determined from an average of twenty-four to thirty-six months' income. The fact that a noncustodial parent is a farmer does not justify departure from the guidelines. There is no basis to not apply guidelines to self-employed persons and to apply guidelines to persons employed by others.

*Id.* A five-year period of farming was considered in determining income in *In re Marriage of Hoag,* 380 N.W.2d 8, 10 (Iowa App. 1985). *See also In re Marriage of Blume,* 473 N.W.2d 629, 633 (Iowa App.1991).

The court of appeals determined that the principle employed in the cases where farming was the occupation was equally applicable to Robert's situation. We agree that it is unreliable and unfair to fix child support obligations based solely on the most recent periodic income amounts. The court of appeals properly rejected Rhonda's plea to base Robert's obligation on his most recent pay stub. An additional reason for this approach is to establish a child support obligation that will generally be fair to the parties over a long period. The stability and reliability needed to carry out child support obligations will be undermined if either party must constantly apply to the courts for a reevaluation of the current status of income. We affirm the court of appeals application of income averaging to the seasonal employment situation of Robert in the instant case and believe the principle should be generally employed in other fluctuating income situations.

▆ In determining Robert's income, earnings from side jobs should be included as well as any money actually received through unemployment compensation. *Cf. In re Marriage of Brown,* 487 N.W.2d 331, 333–34 (Iowa 1992) (overtime pay included in "monthly income" for purposes of calculating child support); *In re Marriage of Lalone,* 469 N.W.2d 695, 696 (Iowa 1991) (employee bonus amount included in "monthly income"); *In re Marriage of Pettit,* 493 N.W.2d 865, 868 (Iowa App.1992) (overtime and bonus income included in "monthly income"). This aggregate should be compared to Robert's income established at the time of the original dissolution decree as bearing on whether a substantial change of circumstances has occurred. We believe a reevaluation of this case is necessary utilizing the income averaging approach at which time new evidence may be received by the district court. As required by our rules, the burden of proof of these matters and of the applicability of the child support guidelines falls on Rhonda as the petitioner for a modification. *Mears v. Mears,* 213 N.W.2d 511, 515 (Iowa 1973); *In re Marriage of Mueller,* 400 N.W.2d 86, 88 (Iowa App.1986).

On remand, the district court's finding that Robert was in contempt for failing to carry

out the court's support orders should also be reevaluated in light of the principles outlined above.

**DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**