**In re The MARRIAGE OF McVeigh John GRIFFIN and Anne Elizabeth Griffin**

**Upon the Petition of McVeigh John Griffin, Appellee,**

**And Concerning Anne Elizabeth Griffin, Appellant.**

No. 93–1854.

Supreme Court of Iowa.

Dec. 21, 1994.

Allan C. Orsborn of Keith, Orsborn, Bauerle, Milani & Neary, Ottumwa, for appellant.

J. Terence Denefe of Kiple, Kiple, Denefe, Beaver & Gardner, Ottumwa, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

PER CURIAM.

Anne Griffin challenges the order modifying McVeigh John Griffin's (John) child support obligation. Anne argues the district court erred in failing to include John's summer employment earnings in his net income when calculating child support under the

guidelines. John claims his past summer income was atypical and should not be included in his net income. We affirm.

## I. *Background.*

John and Anne were divorced in 1985. They have three children: Neil, born in 1972; Benjamin, born in 1975; and Nicholas, born in 1982. Pursuant to the decree, Anne was granted physical custody of all three children. In 1989, after Benjamin began residing with John, John filed an application for modification seeking a reflection of the change in custody and a new child support obligation.

The court modified the decree requiring John to pay child support of $269 per month until Neil graduated from high school. Between Neil's graduation and Benjamin's graduation, the court required neither party to pay child support. Upon Benjamin's graduation, the court required John to resume child support payments for Nicholas according to the child support guidelines in effect at that time. The court ordered each party to provide affidavits of income to make such a determination. The court also ordered each party to pay one-half of all higher education expenses.

After Benjamin's graduation in May 1993, the parties submitted to the court affidavits setting forth their income. John indicated he had a net monthly income of $2235.43 from his assistant professorship of aviation maintenance at Vincennes University. This amount did not include income he would be receiving during the summer of 1993 due to a special project he was working on for Vincennes. He stated that the summer income he received in 1992 was the result of this same special project. He claimed he would not have any employment with Vincennes during the summer of 1994 and did not expect to have any employment with Vincennes during the summer of 1995.

To support the claim that his summer earnings from Vincennes were irregular, John included with his affidavit a letter from John Tilley, the chairman of Vincennes' Technology Department, dated July 26, 1993. Tilley's letter indicated John would be paid $14,400 for his work in the summer of 1993,

but that such a payment should be considered atypical. Tilley wrote that normally John is not asked to provide services beyond his nine-month contract.

Anne's affidavits indicated her net monthly income is in excess of $1000 per month. She stated in her supplemental affidavit that John's income should include the payments he received outside of his normal contract. She claimed that if John did not obtain summer employment at Vincennes he could obtain employment elsewhere in the aviation industry. She calculated his net monthly income at $2958 per month.

The court set John's child support obligation at $503 per month based upon John's net income of $2235 per month and Anne's net income of over $1000 per month. While the court stated John should pay 22.8% of his net monthly income, the $503 represents 22.5%, the correct percentage under the child support guidelines.

Anne filed an Iowa Rule of Civil Procedure 179(b) motion, arguing the court erred in failing to consider John's income from his summer employment with Vincennes. Anne also requested that John's child support payments commence on June 1, 1993, rather than July 1, 1993. The district court agreed the payments should begin on June 1, 1993, but reaffirmed the payment amount of $503. Anne appeals.

The sole issue presented by this appeal is whether John's supplemental income from his summer employment should be included in his net income for child support purposes. Anne argues that, just as this court has determined overtime pay and incentive pay should be included in net income, so should John's summertime pay. John argues that including his summertime income from Vincennes would not accurately represent his future income.

The standard of review accorded equitable actions concerning support orders is de novo. *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983). In this review, we are not bound by the findings of the trial court, but we give those findings some weight. Iowa R.App.P. 14(f)(7).

In *In re Marriage of Robbins*, 510 N.W.2d 844, 846 (1994), we reviewed a modification order increasing a father's child support obligation based upon his most recent month's pay as a cement worker. In reversing the order, we stated:

> We agree that it is unreliable and unfair to fix child support obligations based solely on the most recent periodic income amounts.... An additional reason for this approach is to establish a child support obligation that will generally be fair to the parties over a long period. The stability and reliability needed to carry out child support obligations will be undermined if either party must constantly apply to the courts for a reevaluation of the current status of income.

*Id.*

In *In re Marriage of Brown*, 487 N.W.2d 331, 333 (Iowa 1992), we concluded overtime pay should be included in the calculation of net income for child support purposes. We also found, however, "that in circumstances where overtime pay appears to be an anomaly or is uncertain or speculative, a deviation from the child support guidelines may be appropriate." *Id.*

In this case, John presented evidence indicating he will not be receiving a summer income from Vincennes in the future. While Anne claims John can obtain summer employment elsewhere, she has offered no evidence to support this assertion. Consequently, we believe it would be speculative to include John's summer income in his net income for child support purposes. For this reason, we believe the district court correctly calculated John's net income without including his summer income. We affirm the decision of the district court.

**AFFIRMED.**