In re the MARRIAGE OF Laura Lee CARR and Lex Bradford Parr.

Upon the Petition of Laura Lee Carr, Appellee,

And Concerning Lex Bradford Parr, Appellant.

No. 97–798.

Supreme Court of Iowa.

Feb. 17, 1999.

Michael T. Jalovec of Humphrey and Haas, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and M. Elise Pippin, Assistant Attorney General, for appellee Child Support Recovery Unit.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

LAVORATO, Justice.

Lex Bradford Parr appeals from the district court's determination of the amount to

be withheld from his workers' compensation settlement for application to his child support obligation. The issue is what amount of his settlement is exempt from garnishment pursuant to Iowa Code section 627.13 (1997). Although we conclude fifty percent of the settlement was subject to garnishment, we affirm the district court's award of a lesser amount. We do so because the Child Support Recovery Unit (CSRU) which sought to enforce the child support order did not appeal.

Laura Carr and Lex Parr are the parents of Brad Lee Parr, born October 1, 1976; Sherry Mae Carr, born July 4, 1980; Stacy Rae Lynn Parr, born September 26, 1984; and Brandy Nicole Parr, born December 22, 1985. The district court ordered Lex to pay $20 per week child support, commencing January 28, 1977, for Brad Lee's support.

In a different proceeding, the district court ordered Lex to pay $10 per week child support for all four children. The court ordered the support to begin on June 5, 1980. Laura assigned child support due her from Lex to the State for public assistance she received.

On July 26, 1996, the CSRU filed an order for mandatory income withholding requiring Lex's employer or other income provider to deduct from his income $30 per week for current child support. The order required the employer to deduct an additional amount of $23,206 as a lump sum payment of delinquent child support due and owing as of July 25, 1996. The CSRU had the order served on Monfort, Inc., Lex's employer.

Lex and Monfort reached a special case agreement for $7500 regarding his workers' compensation claim. The Iowa Industrial Commissioner approved the agreement. Thereafter, Monfort issued a settlement check for $7500 payable to Lex, his attorney, and the Iowa Department of Human Services.

This prompted Lex to file in the district court a "Motion to Determine Child Support Due and Amount of Child Support Lien." Following a hearing, the district court ordered that $3487.67 of the $7500 settlement be delivered to the CSRU and the balance of $4012.33 be delivered to Lex and his attorney for payment of attorney fees, costs, and repayment of a Title XIX claim. In effect, the court deducted attorney fees, costs, and the Title XIX claim from the $7500 settlement to arrive at the amount available for the child support delinquency.

We granted Lex's application to certify appeal. See Iowa R.App. P. 3.

Based on state and federal provisions, Lex contends the district court should have deducted the costs, attorney fees and the Title XIX claim from the $7500 and then should have divided the balance between the CSRU and him. Thus, under Lex's theory, he would have received $1743.83 and the CSRU would have received $1743.84.

Although the CSRU did not appeal from the court's order, it too contends the district court did not correctly determine how the award should be divided. According to the CSRU, one-half of the award should have gone toward child support and the balance to Lex.

Thus, under the CSRU calculation, it should have received $3750 and the remaining $3750 should have gone to Lex and his attorney for payment of attorney fees, costs, and the Title XIX claim. This calculation would have left Lex with nothing because the attorney fees, costs, and Title XIX claim totaled more than the $3750 that he would have received.

■■■ Our determination of which party is correct turns on our interpretation of state and federal provisions on garnishment limitations. Ordinarily, we review actions that concern support orders de novo. See In re Marriage of Griffin, 525 N.W.2d 852, 853 (Iowa 1994). However, this appeal involves undisputed facts and statutory interpretation. Our review is therefore for correction of errors at law. See In re Marriage of DeNuys, 543 N.W.2d 894, 896 (Iowa 1996).

## I. Applicable Statutes.

Iowa Code section 627.13 provides exemptions from garnishment regarding workers' compensation benefits:

Any compensation due or that may become due an employee or dependent under chapter 85 is exempt from garnishment,

attachment, execution, and assignment of income, except for the purposes of enforcing child, spousal, or medical support obligations. For the purposes of enforcing child, spousal, or medical support obligations, an assignment of income, garnishment or attachment of or the execution against compensation due an employee under chapter 85 is not exempt but shall be limited as specified in 15 U.S.C. § 1673(b).

*Id.*

■ Thus, under section 627.13, workers' compensation benefits are exempt from garnishment, execution, and assignment of income. Child support, however, is one exception. Although workers' compensation benefits are subject to garnishment for child support, federal law, more specifically, 15 U.S.C. § 1673(b), imposes a limitation on such benefits subject to garnishment.

The parties agree that the lump sum income withholding here was an allowable means of collecting delinquent child support from Lex. *See* Iowa Code § 252D.18C (authorizing the CSRU to "enter an ex parte order for income withholding when the obligor is paid by a lump sum income source" but limiting what can be collected to the amounts specified in 15 U.S.C. § 1673(b)). The only dispute is the amount that can be withheld.

■ Section 627.13—the statute authorizing garnishment of workers' compensation benefits–and section 252D.18C—the statute authorizing the withholding order used in this case—both refer to 15 U.S.C. § 1673(b) as the governing provision for the amount that can be garnished here. 15 U.S.C. § 1673(b) is part of the Federal Consumer Credit Protection Act (Act). The primary purpose of the Act is to limit the "ills which flowed from the unrestricted garnishment of wages." *Koethe v. Johnson*, 328 N.W.2d 293, 296 (Iowa 1982). The Act provides the minimum protection afforded a debtor and must yield to any state that provides stricter laws against garnishment. *See* 15 U.S.C. § 1673; *Koethe*, 328 N.W.2d at 296.

Section 1673(b) of the Act provides for garnishment restrictions. "Garnishment" for the purposes of the Act "means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." The withholding order here clearly meets the definition, and the parties do not dispute that fact.

As relevant here, 15 U.S.C. § 1673(b) provides:

(2) The maximum part of the aggregate disposable earnings of any individual ... which is subject to garnishment to enforce any order for the support of any person shall not exceed–

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings....

*Id.* (emphasis added).

The Act defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a).

The Act defines "disposable earnings" as "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b) (emphasis added).

Both parties assume the lump sum settlement here is earnings as defined in 15 U.S.C. § 1672(b). They both focus on the words "required by law to be withheld" in that provision. Lex contends the attorney fees, costs, and Title XIX claim are amounts "required by law to be withheld" and therefore are to be deducted from the lump sum settlement to arrive at disposable earnings subject to the fifty percent limitation on garnishment.

In contrast, the CSRU argues as follows. Only deductions for federal, state, and local taxes as well as social security taxes should be considered as amounts "required by law to be withheld" and properly deductible from earnings to arrive at disposable earnings. Because the attorney fees, costs, and Title XIX claim do not fall within this definition of amounts "required by law to be withheld,"

they should not be deducted from the lump sum settlement to arrive at disposable earnings subject to the fifty percent limitation on garnishment.

■ We reject the parties' assumption that the lump sum settlement meets the definition of "earnings" in 15 U.S.C. § 1672(a). We must, however, still reconcile this fact with the legislature's clear intent to use the limitations on garnishment provided for in the Act. We think the legislature simply intended for the courts to consider the amounts of workers' compensation benefits in section 627.13 as "disposable earnings" for the purposes of the Act and therefore subject to the Act's fifty percent limitation on garnishment.

■ Under this construction of section 627.13, the attorney fees, costs, and Title XIX claim would not be deducted from the lump sum settlement before applying the Act's fifty percent limitation on garnishment. Thus, the district court should have applied the fifty percent limitation to the $7500 lump sum settlement. This would have resulted in fifty percent of the settlement being available for delinquent child support under the withholding order. The remaining fifty percent would not been have been subject to the order.

Our construction of section 627.13 is faithful to the principle that the "legislature places the highest priority on a child's right to receive parental support." *In re Marriage of McMorrow*, 342 N.W.2d 73, 76 (Iowa 1983). Though we agree with the CSRU's position on what amount of the lump sum settlement was subject to the order, we must nevertheless affirm the district court's contrary determination. This is because the CSRU did not appeal from the district court's order. Accordingly, we affirm.

**AFFIRMED.**