# IN THE COURT OF APPEALS OF IOWA

No. 18-2122
Filed August 7, 2019

IN RE THE MARRIAGE OF AMY A. WIDDISON
AND HAROLD K. WIDDISON

Upon the Petition of
AMY A. WIDDISON, n/k/a AMY A. DENDY,
        Petitioner-Appellee,

And Concerning
HAROLD K. WIDDISON,
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, James S. Heckerman, Judge.

Harold Widdison appeals various district court orders in the ongoing litigation following the dissolution of his marriage to Amy Widdison (now Amy Dendy).  **AFFIRMED AND REMANDED.**

Harold K. Widdison, Sioux City, self-represented appellant.

Amanda Van Wyhe of Van Wyhe Law Firm & Mediation Center, PLC, Sioux City, for appellee.

Thomas J. Miller, Attorney General, and Richard D. Arnold and Gary J. Otting, Assistant Attorneys General, for appellee CSRU.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

This appeal follows Harold Widdison's previous appeal of a modification order. *See In re Marriage of Widdison*, No. 17-2034, 2018 WL 4361004 (Iowa Ct. App. Sept. 12, 2018). The modification order increased Harold's child support obligation and made the increase retroactive—creating an instant arrearage. Harold appealed. While the appeal was pending, the Iowa Child Support Recovery Unit (CSRU) seized funds from Harold's retirement account to collect the arrearage. Later, we reversed the district court's order increasing the amount of Harold's child support obligation because Amy Widdison (now Amy Dendy) never requested an increase. *Id.* at *4. After our ruling, Harold applied for return of the seized funds and sought compensation for $1136.39 in adverse tax consequences and $778.35 in early-withdrawal fees resulting from the CSRU's levy on his retirement account. The district court credited Harold for the overpayments that the CSRU disbursed to Amy and applied this credit to his ongoing child support payments. Harold moved to amend the ruling to expand his child support credit by the amount of the taxes and penalties he incurred as a result of the CSRU's levy. The district court denied the motion in an order that addressed several "pending motions" in the ongoing litigation between Amy and Harold. In the same order, the court granted Amy attorney fees associated with contempt proceedings and denied Harold's motion for sanctions against Amy and her attorney. It is from this order that Harold now appeals.

In his appellate brief, Harold states he "preserved error by timely filing a Notice of Appeal." We have stated time and time again, the filing of a notice of

appeal does not preserve error for our review.[1] *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation.").

On appeal, Harold contends he is entitled to either reimbursement or credit against his future child support obligation for the taxes and penalties assessed when the CSRU seized funds from his retirement account. We typically review actions about support orders de novo. *See In re Marriage of Carr*, 591 N.W.2d 627, 628 (Iowa 1999). But when an appeal involves undisputed facts and statutory interpretation, our review is for correction of errors at law. *See id.*

Iowa Code chapter 252I (2018) authorizes the CSRU to seize financial accounts to collect delinquent support payments. *See* Iowa Code § 252I.6(1). The chapter also outlines the mechanism to challenge the seizure of those accounts— first by submitting the challenge to the CSRU and, if the challenge does not succeed, in a hearing before the district court. *See generally id.* § 252I.8(1)-(5). If, during this process, the CSRU returns the funds to the financial account because of a mistake of fact or error of the court, it must reimburse any additional fees or costs levied against the account. *See* Iowa Code § 252I.8(7).

The record does not show that Harold followed the procedure outlined in section 252I.8 to challenge the seizure of funds from his retirement account.

---

[1] We have restated this principle nearly fifty times since reiterating it in our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013).

Instead, Harold applied to stay enforcement of the increased child support obligation after appealing the modification order, but both the district court and Iowa Supreme Court denied his request. After receiving the CSRU's notice that it was seizing funds from his retirement account, Harold moved to quash the levy rather than following the statutory procedure to challenge it. The district court denied the motion. Because Harold failed to follow the statutory procedure to challenge the levy, he cannot avail himself to the remedy outlined in section 252I.8(7).

In denying Harold's motion to amend and enlarge, the district court determined:

> For purposes of clarification, this Court considered the issue of taxes and penalties submitted by [Harold] due [to] the involuntary seizure of funds from [his] retirement account. It is not unusual in litigation that the parties incur collateral costs and expenses. The increase in [Harold]'s support obligation, which was later reversed on appeal, was the result of an error by the district court, not [Amy]. This court, in considering his arguments relating the amount of credit to which he was entitled as to taxes and penalties, found said claims to be without merit.

We agree. Furthermore, crediting Harold's child support obligation with the amount of taxes and fees Harold incurred shifts those charges to Amy. We find no equity in that.

Harold also challenges the court's rulings on the assessment of attorney fees in the contempt action. He contends Amy's attorney overbilled her time and services in the matter and submitted duplicate applications for attorney fees to the district and appellate courts. He also seeks sanctions against Amy and her attorney for requesting attorney fees she had submitted to the Iowa Supreme Court. We review the district court's award of attorney fees and denial of sanctions

for an abuse of discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006) (attorney fees); *Breitbach v. Christenson*, 541 N.W.2d 840, 845 (Iowa 1995) (sanctions).

The district court "reviewed the affidavits filed in support of the attorney fees and [found] no duplication between those sought here and those previously denied on the appeal." It denied Harold's request for sanctions, finding "[Amy] and her attorney have not intentionally and improperly requested an award for attorney fees that are actually appellate attorney fees previously submitted to and denied by the Iowa Supreme Court." Because these findings are not clearly erroneous, we affirm the award of Amy's attorney fees and denial of Harold's motion for sanctions. *See Dull v. Iowa Dist. Court*, 465 N.W.2d 296, 297 (Iowa Ct. App. 1990) (noting that in applying an abuse of discretion standard of review, "[w]e will disturb the district court's findings of fact only if they are clearly erroneous").

Amy requests that Harold pay her appellate attorney fees. In modification proceedings, the district court "may award attorney fees to the prevailing party" in a reasonable amount. Iowa Code § 598.36. That provision also gives us discretion to award appellate attorney fees. *See In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). Amy is entitled to appellate attorney fees for having to defend herself on this appeal. *See In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa 2016) (noting that we consider whether the party requesting an award of appellate attorney fees needed to defend on appeal in determining whether to make such an award). But Amy has not provided an affidavit of attorney fees with documentation to support her request, and without an affidavit we have not a clue what those fees are. As a result, and keeping in mind the fee dispute history here,

we are compelled to remand to the district court to determine the amount of Amy's appellate attorney fee award. *See, e.g., Markey v. Carney,* 705 N.W.2d 13, 26 (Iowa 2005) ("[U]nder our current practice, the issue of appellate attorney fees is frequently determined in the first instance in the district court because of the necessity for making a record." (quoting *Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.,* 545 N.W.2d 526, 528 (Iowa 1996))).

Having considered all the issues raised on appeal, whether or not addressed here, we affirm the district court's order in all respects and remand to the district court to determine the amount of Amy's appellate attorney fee award. We assess costs of the appeal to Harold.

**AFFIRMED AND REMANDED.**