# IN THE COURT OF APPEALS OF IOWA

No. 24-0115
Filed August 6, 2025

IN RE THE MARRIAGE OF JENNIFER HUBER AND ZACHARY HUBER

**Upon the Petition of**
**JENNIFER HUBER n/k/a JENNA FLEENER,**
        Petitioner-Appellee,

**And Concerning**
**ZACHARY HUBER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Myron Gookin,

Judge.


        Zachary Huber appeals from district court determination that he owes

outstanding child support.  **AFFIRMED.**


        Zachary Huber, Ames, self-represented appellant.

        Lynnette M. Lindgren of Broerman, Lindgren & Denny, Ottumwa, for

appellee.


        Considered without oral argument by Tabor, P.J., and Ahlers and

Sandy, JJ.

**AHLERS, Judge.**

Zachary Huber and Jenna Fleener[1] divorced by way of stipulated decree in November 2012.  At the time, the parties had one child, and Jenna was pregnant with their second.  The decree placed the children in Jenna's physical care and ordered Zachary to pay child support in the amount of $783.26 per month for one child and $1118.58 per month for two children.

Zachary receives Social Security disability benefits, making the children eligible for auxiliary benefits.  *See* 42 U.S.C. § 402(d).  At the time of dissolution those auxiliary benefits totaled $597.00 per month.[2]  The monthly auxiliary benefits were to be credited to Zachary's monthly child support obligation and paid directly to Jenna, and Zachary would be responsible for payment of the remaining amount of his monthly child support obligation, which was to be paid via withholding.  *See* Iowa Code § 598.22C(3) (2022).

In August 2016, Zachary married again and added his new wife as a dependent eligible for auxiliary benefits.  They eventually had two children of their own, and Zachary added them as dependents eligible for auxiliary benefits as well.  However, the amount of auxiliary benefits available to Zachary's dependents did not increase each time he added a dependent.  Instead, the benefits were reallocated equally between each dependent.  *See* 20 C.F.R. §§ 404.304, .403, .404.  As a result, by the time Zachary had added three additional dependents, Jenna only received 40% of the monthly auxiliary benefits

---

[1] Jenna was previously known as Jennifer Huber.
[2] The amount of the auxiliary benefits slightly increased over time due to cost-of-living adjustments.

for her two children.[3] Meanwhile, Zachary's monthly withholding remained the same. This meant that, because of the reduced auxiliary payments resulting from Zachary's adding of dependents, Jenna was not receiving the full amount of the ordered child support each month.

In 2022, Jenna initiated these contempt proceedings by filing an application for rule to show cause alleging that Zachary was approximately $17,000 behind in his child support payments. In May 2023, Zachary voluntarily terminated his parental rights, allowing Jenna's husband to adopt the children and ending Zachary's child support obligations going forward.

At the hearing on the application for rule to show cause, Jenna provided a detailed accounting of all child support payments and supporting documentation. She claimed Zachary owed her $22,412.88 in unpaid child support. Zachary claimed there was no deficiency and he had actually slightly overpaid child support. He also claimed that should he be deficient, any continuing auxiliary benefits paid to Jenna for the children at issue should be credited toward that deficiency and satisfy it.

The district court found Jenna and her supporting documentation to be credible, rejected Zachary's claims, and concluded that Zachary owed Jenna $22,077.56 in child support through May 2023,[4] though it did not hold Zachary in

---

[3] As Zachary identified five dependents, the auxiliary benefits were divided into five shares. Jenna's two children were allocated two of those shares, so Jenna received 40% of the auxiliary benefits.

[4] The district court found one error in Jenna's accounting. She overlooked the fact that Zachary only owed child support for one child for the first month of support because their second child had yet to be born. This accounts for the minor discrepancy between the amount the district court found due and Jenna's accounting.

contempt because it concluded his actions were not willful. The court also ordered Zachary to pay $1500 of Jenna's attorney fees. Zachary appeals.

"The standard of review accorded equitable actions concerning support orders is de novo." *In re Marriage of Griffin*, 525 N.W.2d 852, 853 (Iowa 1994); *see also In re Marriage of Bohr*, No. 21-0714, 2022 WL 3906803, at *1 (Iowa Ct. App. Aug. 31, 2022) (applying de novo review to an action to determine a child support arrearage). "In this review, we are not bound by the findings of the trial court, but we give those findings some weight." *Griffin*, 525 N.W.2d at 853.

On appeal, Zachary asks us to recognize the children at issue never went without auxiliary benefits and argues those past payments should count toward his child support obligation. On this point we agree with Zachary, as did the district court. Jenna, on behalf of the children, has received some portion of the auxiliary benefits for several years, and those payments were credited toward Zachary's child support obligation as contemplated in the parties' stipulated dissolution decree and reflected in Jenna's accounting of payments. *See* Iowa Code § 598.22C(3)(a)(2), (3) (providing a credit against an obligor's child support obligation for auxiliary benefits paid to the obligee). The problem is that the amount of those auxiliary benefits decreased as Zachary added dependents and Zachary took no steps to make up the difference. As a result, Zachary finds himself $22,077.56 in arrears on his child support obligation.

Zachary also claims that, despite the termination of his parental rights in May 2023, Jenna will continue to receive auxiliary benefits on behalf of the children after that date and such benefits should be applied to extinguish any arrearage in his child support obligation. The district court properly rejected this argument. The

issue at trial and on appeal is what Zachary's child support arrearage was as of May 2023 when his parental rights were terminated. We affirm the district court's determination that such arrearage is $22,077.56. The questions of whether any auxiliary benefits have been paid or will be paid to Jenna for the children after May 2023 and what effect any such payments would have on Zachary's child support arrearage is not an issue in this case. As we have no duty or authority to render advisory opinions, those questions will need to be answered in some future proceeding if a disagreement develops as to Zachary's satisfaction of his outstanding child support obligation. *See In re Marriage of Mrla*, No. 19-1222, 2020 WL 5229197, at *5 (Iowa Ct. App. Sept. 2, 2020) (refusing to issue an advisory opinion).

Zachary also challenges the district court's award of $1500 in trial attorney fees to Jenna. We review for an abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006).

Generally, a court may only award attorney fees when authorized to do so by statute. *Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 999 N.W.2d 656, 668 (Iowa 2023). Iowa Code section 598.24 is the statute at issue here, and it permits the court to award attorney fees against a party it determined to be "in default or contempt of the decree" in "an action for a modification, order to show cause, or contempt of a dissolution, annulment, or separate maintenance decree . . . brought on the grounds that a party to the decree is in default or contempt of the decree." Here, the district court declined to hold Zachary in contempt but found that he failed to pay a significant portion of his child support obligation. While it did not use the word "default," we conclude the substance of

the court's ruling effectively determined Zachary was in default for failing to pay all child support owed. As such, the award of attorney fees was permitted by statute—specifically section 598.24. *See In re Marriage of Anderson*, 451 N.W.2d 187, 189–90 (Iowa Ct. App. 1989) (holding that section 598.24 permits a party to be ordered to pay attorney fees when the party is determined to owe a financial obligation even though the party was not held in contempt). As the award of attorney fees was permitted by statute and we find no abuse in the court's decision to order Zachary to pay $1500 of Jenna's attorney fees, we affirm on this issue as well.

**AFFIRMED.**